# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 29, 2018

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KELLY E. HEAL-ORTIZ,**
**Claimant Below, Petitioner**

**vs.)     No. 18-0197**   (BOR Appeal No. 2052245)
                  (Claim No. 2009072843)

**DRS. ORTIZ AND HEAL-ORTIZ, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Kelly E. Heal-Ortiz by, Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Drs. Oritz and Heal-Oritz, Inc., by Timothy Huffman, its attorney, filed a timely response.

The issue on appeal is whether Dr. Heal-Ortiz is entitled to additional medical treatment. On April 8, 2016, the claims administrator denied a request for medical treatment. The Office of Judges affirmed the claims administrator in its September 11, 2017, Order. The Order was affirmed by the Board of Review on February 8, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Kelly Heal-Ortiz, a dentist, sustained an injury to her upper extremities in the course of treating patients on December 18, 2008. She was diagnosed with right carpal tunnel syndrome and taken off work from December 18, 2008, through January 5, 2009. Dr. Heal-Ortiz's claim was originally denied by the claims administrator, but was ruled compensable for herniated nucleus polposus at C5-C6 and C6-C7 by the Office of Judges on August 30, 2010.

Rakesh Wahi, M.D., performed an independent medical evaluation for the allowable diagnoses of displacement of cervical intervertebral disc without myelopathy, sprain of unspecified site of the wrist, and neck sprain on November 17, 2010. Dr. Heal-

1

Ortiz, provided a history of having pain in her shoulder and having difficulty bending in December of 2008. She denied having a specific injury. Dr. Wahi diagnosed wrist pain, cervical sprain, and cervical disc displacement. He opined that Dr. Heal-Ortiz had reached maximum medical improvement and that she did not need any additional medical treatment. He acknowledged she was using a home traction device, a TENS unit, and over-the-counter medication.

Ashlee Secret, M.D., became Dr. Heal-Ortiz's family physician on January 29, 2016. Dr. Secret's medical records show Dr. Heal-Ortiz was diagnosed with herniated discs at C5-C6 and C6-C7. She noted Dr. Heal-Ortiz was seen for cervical spine, right shoulder, and hand pain as well as hand numbness. Dr. Secret recommended physical therapy, x-rays of the lumbar and cervical spines, a cervical spine MRI, and EMG/NCS testing.

On December 2, 2016, Dr. Heal-Ortiz testified via deposition that she originally had arm and shoulder pain as well as hand and finger numbness and eventually weakness of the arm and hand. The treatment she had included physical therapy, home exercises, and anti-inflammatories. She was prescribed a home TENS unit once she was diagnosed with herniated discs. Dr. Secret became her family physician in January of 2016, and she recommended additional testing. Dr. Heal-Ortiz's current symptoms included intermittent pain in her back and shoulders, numbness, weakness, and high blood pressure. She was still working, but she was trying to reduce her work load. Dr. Heal-Ortiz was unsure of when the last payment for medical treatment was made, but she thought it was in April of 2009. She had submitted the bills to her health insurer, but they would not pay them. Her understanding was that the claim was compensable for her cervical spine only, not carpal tunnel syndrome. She believes her symptoms have gotten worse since she originally filed her claim.

The claim administrator denied the request for medical treatment on April 8, 2016, as Dr. Heal-Ortiz had not had significant medical treatment in the last five years. The Office of Judges affirmed the claims administrator's denial of medical treatment on September 11, 2017. The Office of Judges determined that there was no evidence in the record showing Dr. Heal-Ortiz had received medical treatment in the five years prior to treating with Dr. Secret in January of 2016. According to West Virginia Code §23-4-16(a)(4)(2005), a request for medical treatment must be made within five years of significant medical treatment in order for the request to be authorized. The Office of Judges determined that Dr. Heal-Ortiz's last substantial medical treatment was when she was evaluated by Dr. Wahi, in 2010. As the request for treatment was not received within five years of Dr. Heal-Ortiz's last substantial medical treatment, the Office of Judges determined the claims administrator was correct to deny her request. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 8, 2018.

After review, we agree with the reasoning and conclusions of law of the Office of Judges as affirmed by the Board of Review. Dr. Heal-Ortiz sought treatment in 2008 and 2009. She received no substantial medical treatment after 2009. The independent medical evaluation was performed on November 17, 2010, which was more than five years prior to her request for treatment. Therefore, the request for medical treatment was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker